## IN THE UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GABRIELA SCHINEIDER ROCHA, | ) | |
| | ) | **Case No. 1:25-cv-07434** |
| **Plaintiff,** | ) | |
| | ) | **Judge: Andrea R. Wood** |
| **v.** | ) | |
| | ) | |
| WAYFAIR INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### DEFENDANT'S MOTION TO COMPEL

Defendant, Wayfair LLC (incorrectly identified as Wayfair Inc.) ("Wayfair"), by and through its attorneys, Fisher & Phillips LLP, respectfully moves the Court for an Order compelling Plaintiff to provide a full and complete response to Defendant's Second Set of Interrogatories and Requests for Production to Plaintiff. As set forth below, Plaintiff has refused to provide discovery directly relevant to Wayfair's defenses, including discovery concerning Plaintiff's personal travel during the period in which she claimed she could not purportedly satisfy the travel requirements of her position with Wayfair because of her medical condition. Despite Wayfair's efforts to narrow the requests and resolve the dispute without Court intervention, Plaintiff has maintained her objections and declined to provide substantive responses. In support of this Motion, Wayfair states as follows:

### I. RELEVANT FACTUAL BACKGROUND

Plaintiff's employment with Wayfair began in approximately 2017. In January 2024, Plaintiff accepted a new position as a Project Manager on Wayfair's Outlet Launch team. Plaintiff contends she accepted the role with the understanding that she would be required to travel only two times per quarter. Wayfair, however, understood the position to require substantially more

FP 64381258.3

travel, approximately 50%.

On February 4, 2024, Plaintiff initiated an accommodation request through Wayfair's Employee Resource Center. In her request, Plaintiff asserted her medical condition prevented her from engaging in frequent travel[1] and stated she could travel approximately two times per quarter but could not travel at the level required by the position. Plaintiff subsequently submitted medical documentation in support of her accommodation request. Plaintiff's physician opined that Plaintiff's medical conditions could be exacerbated by the physical and emotional stress associated with travel, changes in routine, exposure to crowded environments such as airports and other public spaces, and the physical demands of travel itself. According to Plaintiff's physician, these travel-related factors could trigger symptom flare-ups and negatively impact Plaintiff's ability to function. The physician therefore recommended that Plaintiff's travel be limited to two trips per quarter, each lasting no more than three days.

The parties thereafter engaged in the interactive process. On March 12, 2024, Wayfair approved a trial accommodation permitting Plaintiff to travel once per month and limiting travel to three days per trip, subject to reevaluation based upon business needs. During the same period, Plaintiff traveled for personal reasons, including a multi-day trip to Boston from March 13 through March 20, 2024.

After implementing Plaintiff's accommodation, Wayfair found that the accommodation was creating operational difficulties and that the travel demands of the position had increased due to evolving business needs, including multiple outlet launches and the transfer of additional onsite responsibilities to Plaintiff's role. Thus, Wayfair ultimately determined the position required approximately 80% travel and that it could no longer accommodate Plaintiff's requested

---

[1] Specifically, Plaintiff stated that her condition could be exacerbated by the physical demands of regularly traveling, traveling for more than 3 days at a time, and the risk of infection associated with travel.

restrictions. Therefore, on April 19, 2024, Wayfair denied Plaintiff's requested accommodation and Plaintiff's employment ended.

This lawsuit followed. Plaintiff alleges, among other things, that Wayfair failed to reasonably accommodate her purported disability. Central to those claims is Plaintiff's alleged inability to travel, which prevented her from satisfying an essential function of her position. The discovery at issue seeks information concerning Plaintiff's personal travel during the same period in which she contends she could not perform the travel required by her job.

## II.       PROCEDURAL HISTORY AND DEFENDANT'S GOOD FAITH EFFORTS

On May 5, 2026, Wayfair served its Second Set of Interrogatories and Requests for Production upon Plaintiff. Thereafter, on June 4, 2026, Plaintiff served responses asserting blanket objections to the discovery requests at issue and refusing to provide substantive responses thereto. Specifically, Wayfair served two interrogatories upon Plaintiff, and Plaintiff responded as follows:

> **INTERROGATORY 1:** Identify each instance from August 1, 2022 to the present in which Plaintiff traveled outside of the Chicago metropolitan area for non-work related reasons, including the dates of travel, destination, duration, method of travel, and the general purpose of the trip.
>
> **ANSWER:** Plaintiff objects to this Interrogatory on the ground that Defendant has already served the maximum number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1) and has not obtained leave to serve additional interrogatories. Accordingly, Plaintiff is not required to respond to this Interrogatory. Plaintiff reserves all objections to the form,

scope, relevance, proportionality, and substance of this Interrogatory should she be required to answer it.

**INTERROGATORY 2:** Identify and describe in detail any personal, non-work related travel taken by Plaintiff in or about March 2024, including but not limited to the dates of travel, destination(s), duration, method of travel, activities undertaken during the trip, and the extent to which such travel required Plaintiff to (a) travel by air, car, or other means; (b) remain away from home overnight; or (c) walk, stand, or engage in physical activity for extended periods.

**ANSWER:** Plaintiff objects to this Interrogatory on the ground that Defendant has already served the maximum number of interrogatories permitted by Federal Rule of Civil Procedure 33(a)(1) and has not obtained leave to serve additional interrogatories. Accordingly, Plaintiff is not required to respond to this Interrogatory. Plaintiff reserves all objections to the form, scope, relevance, proportionality, and substance of this Interrogatory should she be required to answer it.

*See* Plaintiff's Answers to Wayfair's Second Set of Interrogatories, attached hereto as **Exhibit A**. In addition, Wayfair served two requests for production upon Plaintiff based on similar subject matter, and Plaintiff responded as follows:

**RFP 1:** All documents reflecting or relating to travel undertaken by Plaintiff from August 1, 2022 to the present outside of the Chicago

metropolitan area for non-work-related reasons, including, but not limited to, airline tickets, hotel reservations, travel itineraries, booking confirmation, receipts, photographs, calendar entries, and social media posts concerning such travel.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this action, nor proportional to the needs of the case. The Request seeks virtually all documents relating to Plaintiff's personal, non-work-related travel over a period of nearly three years, including a substantial period after Plaintiff's employment with Wayfair ended. However, Plaintiff's personal travel has no tendency to prove or disprove whether Wayfair failed to accommodate Plaintiff's disability, discriminated against her, retaliated against her, or wrongfully terminated her employment. Nor is such travel relevant to any asserted defense. Further, the Request seeks extensive information concerning Plaintiff's private activities that is unrelated to the issues in dispute and exceeds the permissible scope of discovery. The Request necessarily encompasses hundreds to thousands of private photos and communications with family, friends, and others that have no bearing on the matters at issue, and the burden of production is outweighed by any perc[ei]ved benefit. Accordingly, Plaintiff objects to this Request and will withhold responsive documents.

5

**RFP 2:** All documents and communications reflecting or relating to any personal, nonwork- related travel taken by Plaintiff in or about March 2024, including but not limited to travel itineraries, booking confirmations, tickets, receipts, lodging information, photographs, videos, calendar entries, social media posts, and any communications regarding the planning, scheduling, or activities associated with such travel.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this action, nor proportional to the needs of the case. The Request seeks virtually all documents relating to Plaintiff's personal, non-work-related travel. However, Plaintiff's personal travel has no tendency to prove or disprove whether Wayfair failed to accommodate Plaintiff's disability, discriminated against her, retaliated against her, or wrongfully terminated her employment. Nor is such travel relevant to any asserted defense. Further, the Request seeks extensive information concerning Plaintiff's private activities that is unrelated to the issues in dispute and exceeds the permissible scope of discovery. The Request necessarily encompasses hundreds to thousands of private photos and communications with family, friends, and others that have no bearing on the matters at issue, and the burden of production is outweighed by any perc[ei]ved benefit. Accordingly, Plaintiff

6

objects to this Request and will withhold all responsive documents.

*See* Plaintiff's Responses to Wayfair's Second Set of Requests for Production, attached hereto as **Exhibit B**.

Following receipt of Plaintiff's objections, counsel for Wayfair promptly sought to resolve the dispute without Court intervention. On June 4, 2026 (the same day Plaintiff served her responses), Wayfair requested a conference with Plaintiff's counsel regarding Plaintiff's objections to Wayfair's Second Set of Interrogatories and Requests for Production. The parties thereafter conducted a telephonic conference pursuant to Local Rule 37.2 on June 5, 2026.

During the conference, Wayfair explained why the requested discovery is directly relevant to Plaintiff's claims and Wayfair's defenses. Specifically, Wayfair's counsel explained that Plaintiff's non-work-related travel is probative to Plaintiff's assertion that she could not satisfy the travel requirements of her position because of her medical condition and whether those purported limitations were, as Plaintiff contends, true. Wayfair further explained that information concerning Plaintiff's personal travel during the relevant period bears directly on the nature and extent of Plaintiff's claimed limitations and Wayfair's defenses concerning Plaintiff's ability to perform the essential functions of her position.

Moreover, in an effort to resolve the dispute, Wayfair offered to narrow the scope of the discovery requests, including by limiting the relevant timeframe to December 1, 2023 to December 31, 2025 and narrowing the categories of documents sought to travel itineraries, airline tickets or boarding passes, hotel or lodging reservations, booking confirmations, rental car reservations, calendar entries reflecting travel, and social media posts reflecting travel. Despite these efforts, Plaintiff maintained her position that her personal travel is somehow irrelevant to any claim or defense in this action and refused to provide substantive responses to the disputed interrogatories

7

and requests for production, even if narrowed.

The parties also discussed Plaintiff's frivolous objection that Wayfair had exceeded the twenty-five interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1). Indeed, Wayfair's First Set of Interrogatories only contained sixteen total interrogatories. Nonetheless, Plaintiff maintained that certain interrogatories in Wayfair's First Set of Interrogatories contain subparts that should be counted as separate interrogatories. Of course, this is inaccurate. While certain of Wayfair's initial sixteen (16) interrogatories contained subparts, those subparts were all related to the same primary subject matter of the interrogatory and therefore do not constitute separate interrogatories under Rule 33.

Following the conference, Wayfair memorialized the parties' discussion by email. Plaintiff thereafter reiterated her position that personal travel and work-related travel are somehow categorically distinct and that information concerning Plaintiff's personal travel is not relevant to this action. A true and correct copy of the parties' correspondence concerning their Rule 37 conference is attached hereto as **Exhibit C**.[2]

### III. THE REQUESTED INFORMATION AND DOCUMENTS ARE DIRECTLY RELEVANT TO WAYFAIR'S DEFENSES

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Courts in the Seventh Circuit have long held that the test for relevance "in the discovery area is an extremely broad one." *AM Intern., Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D. Ill. 1981); *E.E.O.C. v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D.

---

[2] In Plaintiff's letter, Plaintiff's counsel contends that this discovery may be used to attack Plaintiff's credibility. That, of course, is true and underscores the propriety of the information sought. Again, if Plaintiff is telling Wayfair she could not travel (and now suing them for substantial sums of money because they could not accommodate her inability to travel) but was traveling for personal reasons in ways that far exceeded her purported limitations, then Wayfair should absolutely be able to confront her at trial with this discrepancy.

8

Wis. 1996). "[I]t is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *AM Intern., Inc.*, 100 F.R.D. at 257. The burden is on the objecting party to show why a particular discovery request is improper. *Klockner*, 168 F.R.D. at 235.

The discovery sought by Wayfair easily satisfies this broad standard. Plaintiff has placed her purported inability to travel directly at issue by claiming she could not perform the work-required travel associated with her position and by requesting an accommodation that would substantially limit that travel. Plaintiff alleges that Wayfair failed to reasonably accommodate those limitations. Wayfair, by contrast, contends that travel was an essential function of Plaintiff's role and that Plaintiff could not perform that essential function with or without reasonable accommodation. Accordingly, Plaintiff's actual ability to travel during the relevant period is directly relevant to several issues central to this litigation, including: (1) whether Plaintiff could perform the essential functions of the position; (2) the nature and extent of Plaintiff's claimed travel limitations; (3) whether Plaintiff's requested accommodation was necessary and reasonable; and (4) the credibility of Plaintiff's assertions regarding her inability to travel.[3]

Courts within the Seventh Circuit have repeatedly recognized that travel may constitute an essential function of a position and that evidence concerning a plaintiff's actual physical capabilities is relevant to determining whether the plaintiff is a qualified individual under the ADA. *See, e.g., Rooney v. Koch Air*, LLC, 410 F.3d 376, 381 (7th Cir. 2005) (considering plaintiff's ability to perform personal, non-work-related activities, such as showering, household chores, exercise, and playing sports with his children). Where, as here, a plaintiff claims she could

---

[3] As alluded to below, despite informing Wayfair that she could only travel one time per month and for no longer than three days, Wayfair is aware of a trip Plaintiff took to Boston for one week at the exact same time she was telling Wayfair that she could not travel for more than three days at a time.

not perform a travel-related essential function because of her medical condition, information concerning her ability to engage in comparable personal travel during the same period bears directly on those issues and could not be more relevant and probative to her claims.

The relevance of the requested discovery is particularly apparent with respect to Interrogatory No. 2 and Request for Production No. 2, which concern a personal trip Plaintiff took to Boston in or about March 2024—the exact same period during in which Plaintiff was discussing her alleged inability to satisfy the travel requirements of her position with Wayfair and seeking accommodations related to those travel requirements. Information regarding that specific trip is directly relevant to Plaintiff's claimed travel limitations and Wayfair's defenses. *See* footnote 3, *supra.*

Nor is the requested discovery disproportionate to the needs of this case. Wayfair seeks information concerning a discrete category of activity (Plaintiff's travel) during the period surrounding the events at issue and during the time in which Plaintiff contended she possessed severe restrictions on her ability to travel. The requests are directed toward facts that bear directly on Plaintiff's claimed inability to perform an essential function of her position. The burden of identifying and producing such information is minimal compared to its significance to the claims and defenses in this action.

Plaintiff nevertheless contends that her personal travel is somehow irrelevant because personal travel and work-related travel are different. And, while the *reasons* for such travel may be different, the act of traveling and the physical requirements of that travel are not. Indeed, Plaintiff informed Wayfair that frequent travel and trips of extended duration exacerbated her condition because of the physical and emotional stress associated with travel, disruptions to her routine, navigating airports, carrying luggage, extended walking, and prolonged periods of sitting.

Plaintiff's healthcare provider likewise advised that travel-related stress, physical exertion, disruptions to routine, and exposure to crowded public environments could aggravate Plaintiff's symptoms. None of these asserted limitations were tied to the purpose of the trip (e.g., personal vs. business) or distinguished between business travel or personal travel. Indeed, Plaintiff's own Complaint alleges broadly that "[t]ravel causes serious exacerbation of Plaintiff's medical condition." *See* Plaintiff's Complaint, ECF No. 001, ¶ 15. Plaintiff does not allege that *only* business travel causes such exacerbation. Nor are the physical realities of travel altered by the purpose of the trip; airports are no less crowded, luggage no less heavy, and flights no shorter simply because a traveler is traveling for personal rather than business reasons. Plaintiff's counsel reiterated this position during the parties' Rule 37 conference and subsequent correspondence, asserting that personal travel somehow differs from business travel in terms of purpose, flexibility, duration, and the degree of control exercised by the traveler. Even assuming Plaintiff is correct that personal travel differs from business travel in certain respects, that argument goes to the weight of the evidence—not its discoverability or relevance. The fact that Plaintiff may ultimately seek to distinguish personal travel from work-related travel and explain to the jury why she can go to Boston for a week but cannot travel to Greensboro, North Carolina for four days does not render discovery concerning that travel irrelevant.

The relevance of the requested discovery is further underscored by Plaintiff's own deposition testimony. During her deposition on June 10, 2026, Plaintiff testified that she recalled taking no fewer than five personal trips between 2024 and the present, including a two-week trip to Asia.[4] Plaintiff further testified that several of these trips lasted longer than three days, including travel occurring during and shortly after the events giving rise to this lawsuit. This testimony

---

[4] A certified transcript of Plaintiff's deposition is not yet available, but Wayfair will promptly supplement the record with the relevant excerpts if requested by the Court.

confirms that Plaintiff engaged in substantial personal travel during the very period in which she contends her medical condition prevented her from satisfying the travel requirements of her position. Wayfair is entitled to discover information and documents concerning those trips and the circumstances surrounding them.

Moreover, Wayfair does not seek discovery into Plaintiff's personal life generally. Rather, Wayfair seeks narrowly targeted information concerning Plaintiff's travel during the period surrounding the accommodation process and the events giving rise to this litigation. The requests are directed toward discovering the nature and extent of Plaintiff's personal travel activities during a period when she contends she was unable to perform the travel requirements of her position with Wayfair. Such information falls comfortably within the broad scope of discovery permitted by Rule 26.

Accordingly, Plaintiff's relevance objections should be overruled, and Plaintiff should be compelled to provide full and complete responses to Wayfair's Second Set of Interrogatories and Requests for Production.

## IV. WAYFAIR HAS NOT SURPASSED THE TWENTY-FIVE-INTERROGATORY LIMIT PRESCRIBED BY RULE 33.

Federal Rule of Civil Procedure 33(a)(1) provides that a party may serve no more than twenty-five (25) written interrogatories, "including all *discrete* subparts." Courts within the Seventh Circuit consistently apply the rule that interrogatories with subparts count as one interrogatory if the subparts are logically or factually subsumed within and necessarily related to the primary question. *Bell v. Woodward Governor Co.*, No. 03 C 50190, 2005 WL 3829134 at *1 (N.D. Ill. 2005). Subparts eliciting details concerning a common theme should be counted together as a single interrogatory, while subparts that inquire into discrete areas are likely to be counted as more than one. *Jacks v. Directsat USA, LLC*, No. 10 C 1707, 2011 WL 382858 at *2 (N.D. Ill.

2011).

Here, Wayfair served sixteen interrogatories in its First Set of Interrogatories and two interrogatories in its Second Set of Interrogatories, for a total of eighteen interrogatories. Plaintiff nevertheless objected on the ground that Wayfair had exceeded the twenty-five-interrogatory limit. Plaintiff did not identify in her written responses which interrogatories she contends contain "discrete subparts," nor has she explained how she calculated any purported interrogatory count. During the parties' Rule 37 conference, Plaintiff's counsel asserted generally that certain interrogatories in Wayfair's First Set should be counted as multiple interrogatories because they seek different categories of information. However, Wayfair maintains that each of its interrogatories, to the extent they contain subparts, elicit details concerning a common theme, and thus, should be counted as single interrogatories. Indeed, a simple review of those Interrogatories makes clear that they are not vexatious or overbearing or seek to run afoul of Rule 33's limitations. *See* Wayfair's First Set of Interrogatories to Plaintiff, attached hereto as **Exhibit D**.

Notably, Plaintiff answered Wayfair's First Set of Interrogatories without asserting any objection that the interrogatories exceeded Rule 33's numerical limit. Plaintiff first raised this objection only after receiving Wayfair's Second Set of Interrogatories and has never identified which interrogatories purportedly contain countable subparts or how she calculated the alleged interrogatory total. Under these circumstances, Plaintiff's conclusory objection does not justify her refusal to answer the two interrogatories at issue, and the objection is frivolous.

Accordingly, Plaintiff's objection that Wayfair exceeded Rule 33's twenty-five-interrogatory limit is unsupported and should be overruled.

## V.  RELIEF REQUESTED

For the foregoing reasons, Defendant Wayfair LLC respectfully requests the Court grant

this Motion to Compel and enter an Order compelling Plaintiff, within fourteen (14) days, to serve full and complete responses to Defendant's Second Set of Interrogatories and Requests for Production and to produce all responsive, nonprivileged documents withheld on the basis of the objections addressed herein and to grant other relief deemed just and appropriate, including permitting Wayfair to recall Plaintiff for her deposition.

Dated: June 12, 2026        Respectfully submitted,

**WAYFAIR LLC**

/s/ *Jason D Keck*_____
Jason D Keck
Sarah T. Oberg Ramirez
**FISHER & PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, IL 60606
(312) 346-8061
jkeck@fisherphillips.com
sobergramirez@fisherphillips.com
*Attorneys for Defendant Wayfair LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on June 12, 2026, the foregoing **MOTION TO COMPEL** was filed using the Court's electronic filing system and will also be sent via email to the following counsel of record:

Darren VanPuymbrouck
Filzah Pavalon
**MARK RAVEN LLC**
2524 N. Burling Street
Chicago, IL 60614
*Darren@raven.law*
*Filzah@raven.law*
***Attorneys for Plaintiff***

/s/ Jason D Keck

Jason D Keck
*Attorney for Defendant Wayfair LLC*