## IN THE UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF ILLINOIS

GABRIELA SCHINEIDER ROCHA,    )
                                    )      Case No. 1:25-cv-07434
          Plaintiff,         )
                                    )      Judge: Andrea R. Wood
         v.                 )
                                      )      Magistrate Judge: Daniel P. McLaughlin
WAYFAIR INC.,               )
                                    )
         Defendant.      )

---

## DEFENDANT WAYFAIR LLC'S MOTION FOR SANCTIONS

**NOW COMES,** Defendant Wayfair LLC (incorrectly identified as Wayfair Inc.) ("Wayfair"), by and through its attorneys, Fisher & Phillips LLP, respectfully moves this Court for an Order imposing sanctions against Plaintiff and/or Plaintiff's counsel pursuant to the Court's inherent authority and barring Plaintiff from seeking emotional distress damages at trial.

As established in Wayfair's Memorandum of Law in Support of its Motion for Sanctions, which Wayfair is contemporaneously filing herewith, Plaintiff and/or Plaintiff's counsel engaged in improper misconduct and interference relating to a third-party subpoena served upon Plaintiff's mental health provider, Essence Psychology. Specifically, after not objecting to the subpoena, Plaintiff's counsel materially narrowed the scope of records authorized for disclosure without notice to Wayfair, failed to disclose those limitations while the subpoena remained pending, and subsequently instructed the third-party subpoena recipient not to communicate with Wayfair regarding compliance with the subpoena despite never objecting to the subpoena, moving to quash the subpoena, or seeking a protective order.

This conduct has substantially prejudiced Wayfair's ability to obtain discovery directly relevant to Plaintiff's claimed emotional distress damages and has interfered with Wayfair's ability

to conduct third-party and expert discovery. Plaintiff's conduct has also impaired and tainted the sanctity of the discovery process and prejudiced Wayfair's ability to obtain impartial discovery from third parties.

Accordingly, Wayfair respectfully requests that this Court impose appropriate sanctions, including precluding Plaintiff from presenting evidence of emotional distress damages or recovering emotional distress damages at trial. Alternatively, Wayfair requests curative relief sufficient to minimize the prejudice caused by Plaintiff's conduct, including: (1) an order compelling production of all records responsive to Wayfair's subpoena without the limitations contained in the revised authorization; (2) reopening discovery for the limited purpose of conducting follow-up discovery concerning those records; (3) an award of attorneys' fees and costs incurred as a result of the misconduct described herein; and (4) such other and further relief as the Court deems just and appropriate.

**WHEREFORE,** Defendant Wayfair LLC respectfully requests that this Court grant its Motion for Sanctions and award the relief requested herein and in its accompanying Memorandum of Law.

Dated: June 24, 2026

**WAYFAIR LLC**

/s/ *Jason D Keck*
Jason D Keck
Sarah T. Oberg Ramirez
**FISHER & PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, IL 60606
(312) 346-8061
jkeck@fisherphillips.com
sobergramirez@fisherphillips.com
*Attorneys for Defendant Wayfair LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on June 24, 2026, the foregoing **MOTION FOR SANCTIONS** was filed using the Court's electronic filing system and will also be sent via email to the following counsel of record:

Darren VanPuymbrouck
Filzah Pavalon
**MARK RAVEN LLC**
2524 N. Burling Street
Chicago, IL 60614
*Darren@raven.law*
*Filzah@raven.law*
***Attorneys for Plaintiff***

*/s/ Jason D Keck*

Jason D Keck
*Attorney for Defendant Wayfair LLC*

3